IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DOUG BURGUM, et al., <br><br> Defendants, <br><br> and <br><br> SIGNAL PEAK ENERGY, LLC, <br><br> Defendant-Intervenor. | CV 26–21–BLG–DWM <br><br><br> ORDER |

Signal Peak Energy, LLC moves to intervene as a defendant in this matter, which involves a challenge under the National Environmental Policy Act ("NEPA") to the U.S. Office of Surface Mining's approval of a mining plan modification that expands the Bull Mountain Mine ("Amendment 3"). (Doc. 14.) Signal Peak is the owner and operator of the Bull Mountain Mine. (Doc. 15-1 at ¶ 2.) Signal Peak seeks intervention by right under Federal Rule of Civil Procedure 24(a). Neither Plaintiffs nor Defendants oppose the motion.

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted).

First, Signal Peak filed its motion to intervene in a timely manner as it was filed two months after Plaintiffs filed their Complaint and before Defendants filed their Answer. Second, "[t]o demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.* Signal Peak has a significantly protectable interest under Rule 24(a) as owner and operator of the mine that is at issue in this case, and Signal Peak has demonstrated it has an interest in the modification of the mining plan, which Plaintiffs are challenging here. *N. Cal. River Watch v. Fluor Corp.*, 2014 WL 3385287, at *16 (N.D. Cal. July 9, 2014). Third, the disposition of this action may impair or impede Signal Peak's ability to protect its interest because if Plaintiffs succeed, Signal Peak could be enjoined from operating the area of the Mine

2

covered by the modification.  *Wildearth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995–96 (10th Cir. 2009).  Finally, Plaintiffs and Defendants may not adequately represent Signal Peak's interests because Signal Peak has a personal interest that does not belong to the general public while Plaintiffs and Defendants are representing the public interest.  *Id.* at 996.  The request to intervene is therefore granted.  Nonetheless, the parties will not be permitted to submit duplicative argument or briefing; their proposed case management order, (*see* Doc. 12), should reflect this limitation.

Accordingly, IT IS ORDERED that Signal Peak's motion to intervene (Doc. 14) is GRANTED.  Signal Peak Energy, LLC may intervene in this matter.  The caption is modified as reflected above.  Counsel is reminded of the admonition that in all filings with the Court, the parties shall not use acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, EIS, and EA.

IT IS FURTHER ORDERED that Signal Peak must separately file its answer and motions for pro hac vice admission.

DATED this 5 day of May, 2026.

Donald W. Molloy, District Judge
United States District Court

3